In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00442-CV

_____

SAN JACINTO COUNTY SHERIFF'S OFFICE, Appellant

V.

SABRINA BUTLER AND APRIL THIBODEAUX A/N/F OF JAYDEN
YAVONNE THIBODEAUX, Appellees

On Appeal from the 411th District Court
San Jacinto County, Texas
Trial Cause No. CV 13118

**MEMORANDUM OPINION**

San Jacinto County, sued under the name of the San Jacinto County Sheriff's Office, appeals the denial of a motion to dismiss for lack of subject matter jurisdiction. The suit arises out of a collision involving a motor vehicle driven by Deputy Darryl Lynn Lamott and motor vehicles operated by Sabrina Butler and April Thibodeaux. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2012); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (West

1

2011). The County asserts the emergency exception to the waiver of immunity for use of a motor vehicle. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2) (West 2011).

When suing a county for personal injuries under the Tort Claims Act, the plaintiffs must allege facts that affirmatively demonstrate the trial court's jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plea to the jurisdiction challenges the existence of jurisdictional facts, and the parties submit evidence in connection with the plea, a court considers whether the relevant evidence raises a fact issue that must be determined by the finder of fact. *Id.* at 226, 228. The standard closely mirrors the summary judgment standard; we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 228.

The County's plea to the jurisdiction was supported by Deputy Lamott's affidavit. Lamott states that at the time of the accident he was responding to an emergency call that a person had been shot. Appellees suggest that Deputy Lamott's statement was not conclusively established, but jurors would not be free to ignore "undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily

controverted." *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005). Butler and Thibodeaux do not provide a reference to the record where evidence submitted to the trial court creates a fact question regarding whether Deputy Lamott was responding to an emergency call. *See Miranda*, 133 S.W.3d at 227-28. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228. It appears that none of the evidence submitted to the trial court in connection with the plea to the jurisdiction raises a fact issue regarding whether Deputy Lamott was responding to an emergency call. *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 673 (Tex. 2006); *Tex. Dep't of Pub. Safety v. Little*, 259 S.W.3d 236, 238-39 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The emergency situation exception applies then, and the government's immunity is not waived, if the government employee's action (1) is in compliance with any laws and ordinances applicable to emergency action, or (2) in the absence of applicable laws or ordinances, is free from conscious indifference or reckless disregard for the safety of others. Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2). "The emergency exception in the Tort Claims Act deprives a court of the power to engage in judicial second-guessing for momentary lapses in judgment by emergency personnel responding to emergency situations." *Jefferson Cnty. v.*

3

*Hudson*, 09-11-00168-CV, 2011 WL 3925724, at \*3 (Tex. App.—Beaumont Aug. 25, 2011, no pet.) (mem. op.). A mere failure of judgment does not waive immunity. *Id.* Immunity may be waived for reckless conduct; that is, where the operator of the emergency vehicle "committed an act that the operator knew or should have known posed a high degree of risk of serious injury." *See City of Amarillo v. Martin*, 971 S.W.2d 426, 430 (Tex. 1998); *see also Hartman*, 201 S.W.3d at 672 n.19 ("[P]roof that a party knew the relevant facts but did not care about the result."); *Little*, 259 S.W.3d at 238.

Butler and Thibodeaux argue that the County failed to conclusively establish that Deputy Lamott's actions at the time of the collision were free from conscious indifference or reckless disregard. In his affidavit, Deputy Lamott states that his lights were activated as he approached Butler's vehicle, and that he activated his siren before he attempted to pass Butler's vehicle on the left. Butler made a slight move to the right, which Deputy Lamott believed was her yielding to allow him to pass, but Butler made a turn to the left that he had not expected and a collision resulted. The accident report states that Deputy Lamott was operating red and blue emergency flashers but was not utilizing an audible siren, that as Deputy Lamott attempted to pass Butler on the left, Butler turned into a private driveway where Thibodeaux was parked and was tending to the gate, and that Deputy Lamott

4

braked aggressively but struck the left rear of Butler's vehicle, which slid off the roadway and struck Thibodeaux's vehicle. The report states that Butler claimed she had on a turn indicator but that "the filament revealed cold shock." The investigator making the report concluded that Deputy Lamott failed to pass to the left safely, and that Butler turned left without ensuring the turn could be made safely.

In her deposition, Butler repeatedly stated that she used her turn indicator. She did not see Deputy Lamott's vehicle before the collision. Thibodeaux swore to the truth of the allegations in the plaintiffs' response to the plea to the jurisdiction. The response includes statements that Deputy Lamott left the right side of the road, that he struck the plaintiffs in the driveway, and that the collision would not have occurred if he had driven in his lane of traffic.

During the hearing on the plea to the jurisdiction, Thibodeaux testified that her hearing is unimpaired, that she first heard the siren "[a]t point of impact[,]" and that the siren was not on before that time. There were no flashing lights when she pulled into the driveway, but she had exited her vehicle and was at the gate when the collision occurred. According to Thibodeaux, Deputy Lamott crossed over the left lane and hit Butler in the driveway, although she admitted that in her

deposition she stated that Butler was in the process of turning when the collision occurred.

In this appeal, we must take as true all evidence favorable to the plaintiffs and indulge every reasonable inference in their favor. *Miranda*, 133 S.W.3d at 228. The parties dispute whether Deputy Lamott was aware that Butler was following Thibodeaux into the driveway, but nevertheless attempted to pass her on the left. The record in this appeal is not clear as to whether Butler had signaled a left turn, whether Deputy Lamott saw the signal and proceeded anyway, or whether he did not see the signal. A disputed issue of fact exists concerning whether Deputy Lamott's conduct was reckless under the circumstances, "and it is the jury's role to resolve disputed issues of fact." *City of Beaumont v. Brocato*, 09-10-00473-CV, 2011 WL 4716296, at *4 (Tex. App.—Beaumont Oct. 6, 2011, no pet.) (mem.op.).

Whether Deputy Lamott was reckless depends on the resolution of disputed evidence, and we do not resolve that dispute in this appeal. The Supreme Court has explained that "[i]f the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Miranda*, 133 S.W.3d at 227-28. At this stage, there are material fact questions regarding jurisdictional issues, and the jurisdictional facts in this case implicate the merits of the claim. The trial court had

6

discretion in deciding "whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case[.]" *Id.* at 227. We therefore overrule the appellant's issue. The trial court's order is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on December 11, 2012
Opinion Delivered February 21, 2013

Before McKeithen, C.J., Gaultney and Horton, JJ.

7